IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | Case No. 3:25-CR-778 (CMC) |
| v | ) | |
| Robert John May, III, | ) | MOTION IN LIMINE TO |
| | ) | EXCLUDE EVIDENCE |
| Defendant | ) | |
| | ) | |

COMES NOW the defendant Robert John May, III, seeking through this Motion in Limine to: (1) Exclude evidence of or reference to: any smartphone application other than Kik; Defendant's travel history or alleged acts while travelling; any CSAM not extracted from the Defendant's devices; the alleged alias "Eric Rantling."

THIS PART LEFT BLANK

THIS PART LEFT BLANK

(1) Exclude evidence of or referance to any smartphone application other than Kik.

The Defendant moves to exclude any evidence of or referance to any smartphone application other than kik. The charges against the Defendant are exclusively alleged to have occurred on kik and the government has confirmed that "there is zero evidence" that connects the Defendant to any CSAM on other applications. Therefore, allowing evidence of or referance to any other applications would be irrelevant under Fed R. Evid 401. Furthermore, such evidence would mislead the jury and be unfairly prejudicial. Despite admitting there is "zero evidence" of any illegal activity on any other application, introducing such evidence is intended to mislead the jury into believing the Defendant engaged in CSAM activity across multiple platforms.

(2) Exclude evidence of or referance to Defendant's travel history or alleged acts while traveling.

The charges against the Defendant occurred exclusively between March 30 and April 4, 2024. The Defendant was in the territoral boundries of the United States during this time. The Defendant

is not charged with any crimes in connection with travel or while travelling. To the extent the government alleges the Defendant engaged in commercial sex acts while travelling, such acts would not speak to any of the purposes pursuant to Rule 404(b)(2) and would only be probative of the Defendant's character. Such evidence would confuse the issue, mislead the jury, and be unfairly prejudicial.

(3) Exclude evidence of or reference to any CSAM not extracted from the Defendant's devices

Admitting into evidence CSAM videos obtained from third parties is likely to mislead the jury into believing the videos were extracted or discovered on the Defendant's electronic devices. The inflammatory nature of CSAM would render any stipulation that videos were obtained through third parties almost useless.

(4) Exclude evidence of or reference to "Eric Rentling."

The government alleges the Defendant used the alias "Eric Rentling." However, to the Defendant's

knowledge, the government does not allege "Eric Rentling" engaged in any similar offenses the Defendant has been charged with. Whether or not the Defendant used the alias "Eric Rentling" and any conduct under the alias has no bearing on the elements of the charged offenses. Any probative value of the alias, if any, is substantially outweighed by the danger of unfair prejudice and would confuse the issue and mislead the jury.

1. See Detention Hearing transcript, page 62, lines 13-15.