IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 3:25-cr-778-CMC |
| v. | |
| ROBERT JOHN MAY, III | **AMENDED PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 29th day of September, 2025, between the United States of America, as represented by United States Attorney BRYAN P. STIRLING, Assistant United States Attorney J. Scott Matthews, Assistant United States Attorney Elliott B. Daniels, Trial Attorney Austin M. Berry; and the Defendant, **ROBERT JOHN MAY, III**. IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1, Count 2, Count 3, Count 4, and Count 5 of the Indictment now pending, which charges *"Distribution of Child Pornography,"* a violation of Title 18, U.S.C., § 2252A(a)(2) (Count 1), *"Distribution of Child Pornography,"* a violation of Title 18, U.S.C., § 2252A(a)(2) (Count 2), *"Distribution of Child Pornography,"* a violation of Title 18, U.S.C., § 2252A(a)(2) (Count 3), *"Distribution of Child Pornography,"* a violation of Title 18, U.S.C., § 2252A(a)(2) (Count 4), and *"Distribution of Child Pornography,"* a violation of Title 18, U.S.C., § 2252A(a)(2) (Count 5) In order to sustain its burden of proof, the Government is required to prove the following:

### Counts 1-5
*Distribution of Child Pornography*

    A.    First, that the defendant received or distributed;

    B.    Second, any child pornography, or any material that contained child pornography;

    C.    Third, that had been mailed, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer; and

    D.    Fourth, that the defendant did so knowingly.

The penalty for this offense is:

> Each count carries a maximum sentence of a fine of $250,000 and imprisonment for not less than 5 years and not more than 20 years, plus a term of supervised release of not less than 5 years and up to Life, plus a special assessment of $100, an additional special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act – 18 U.S.C. § 3014(a), and an additional special assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A.

2.    The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m), and 2259(b)(2). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    *Special Assessment*: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the

        guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B. *Restitution*: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

    C. *Fines*: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

    D. *Special Assessment for Trafficking Victims' Fund*: The Defendant also understands that unless the Sentencing Court finds the Defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed, pursuant to 18 U.S.C. §§ 3013 and 3014. This assessment is due after all other fines, orders of restitution, and any other victim-compensation obligation arising out of the criminal conviction have been paid.

    E. *Special Assessment pursuant to 18 U.S.C. § 2259A*: The Defendant understands that he is also subject to an additional mandatory special assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Commission Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying

3

with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Forfeiture

5. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of, any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily surrender and not contest the forfeiture of property identified in the Indictment, and any forfeiture Bill of Particulars, and a money judgment in an amount to be determined by Court, representing the amount of gross proceeds of the offense(s) of conviction. Following the entry of this Plea Agreement, the Defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Fed.R.Crim.P. 32.2, which shall in any event, be submitted for entry before sentencing. Defendant acknowledges that he understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted. The following items are subject to forfeiture pursuant to this agreement:

    01-     Samsung SM-G781U1 cellphone – IMEI number 351675643599503

    02-     Lenovo Laptop - serial number YB09592371

    03-     One Sandisc MicroSD card with adapter

With regard to each and every asset listed in the Indictment or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

> The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.
>
> To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.
>
> That the Defendant has or had a possessory interest or other legal interest in each item or property.
>
> To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this Plea Agreement, as criminal proceeds or substitute property.
>
> The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.
>
> Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.
>
> If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

> The Defendant further agrees to make a full and complete disclosure of all assets over which the Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and § 1B1.8 of the Unites States Sentencing Commission Guidelines will not protect from forfeiture, assets disclosed by the Defendant as part of his cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.
>
> The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.
>
> Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

### **Merger and Other Provisions**

6. The Defendant also understands that by pleading guilty, the Defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. 3583(d). The Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.

7. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the

rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

8.  The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9.  The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

9/29/25
Date

*(signature)*
ROBERT JOHN MAY, III,
DEFENDANT

BRYAN P. STIRLING
UNITED STATES ATTORNEY

9/29/2025
Date

*(signature)*
J. SCOTT MATTHEWS (#13779)
ELLIOTT B. DANIELS (#11931)
ASSISTANT UNITED STATES ATTORNEYS

AUSTIN M. BERRY
TRIAL ATTORNEY